**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**VIRGIL BREEDEN, JR.**

**VS.**                                          **CIVIL ACTION NO. 2:15cv61-KS-MTP**

**WARDEN RAYMOND BYRD**

<u>**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**</u>
<u>**AND DISMISSING CASE WITH PREJUDICE, ETC.**</u>

This cause is before the Court on petition [1] of Virgil Breeden, Jr., pursuant to 28 U.S.C. § 2254 and Respondent's Motion to Dismiss [13]. The court has received the Report and Recommendation of Magistrate Judge John Roper [18] and the Objection thereto filed by Petitioner [19]. The court has considered the pleadings, the record in this case, the Report and Recommendation and the Objection and does hereby find as follows:

**I. PROCEDURAL HISTORY**

On August 14, 2007, Petitioner pled guilty to two counts of attempted capital murder. ([13-1].) That same day, pursuant to his guilty plea, Petitioner was convicted of two counts of attempted capital murder in the Circuit Court of Forrest County, Mississippi, and was sentenced to ten years in custody on Count I and a consecutive term of ten years on Count II, with five years of Count II suspended after completion of the Count I sentence and the first five years of the Count II sentence. ([13-2].)

On June 10, 2010, Petitioner filed a motion for post-conviction collateral relief in the Circuit Court of Forrest County. ([13-3].)[1] On May 23, 2011, the trial court denied the motion.

---

[1] Petitioner signed the motion for post-conviction collateral relief on May 12, 2010.

1

([13-4].)[2]  On April 9, 2015, Petitioner filed the instant Petition for Writ of Habeas Corpus [1].[3] Thereafter, Respondent filed his Motion to Dismiss [13], asserting that the Petition was not timely filed and should be dismissed.

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).  No factual objection is raised when a petitioner merely reurges arguments contained in the original petition.  *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

---

[2] Petitioner appealed the trial court's decision, and on August 28, 2012, the Mississippi Court of Appeals affirmed the trial court's decision. ([13-5].)  Thereafter, Petitioner filed a petition for writ of certiorari with the United States Supreme Court, but his petition was denied on March 31, 2014.  Petitioner also filed a motion for post-conviction collateral relief in the Mississippi Supreme Court, but on October 15, 2014, his motion was dismissed as improperly before the court. ([13-7].)

[3] The Petition was signed, at the earliest, on April 9, 2015, and stamped filed on April 22, 2015.  "Under the 'mailbox rule,' a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court." *Colemant v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).  Weighing all doubts in Petitioner's favor, the Court will use the earlier date of April 9, 2015.

### III.  PETITIONER'S OBJECTIONS AND ANALYSIS

In Petitioner's Objection [19] he eloquently argues his case for the Court to ignore statutory law and a plethora of cases interpreting the statute.  His Objection is a death knell to his petition.  He alleges that he has properly taken actions that he believed to be appropriate and that he has been diligent in pursuing his cause.  However, he overlooks the fact that it was almost three years before he filed his petition for post-conviction collateral reief in the Circuit Court of Forrest County, Mississippi.  He also overlooks the fact that he waited almost eight years to file his petition for *habeas corpus* in this court.  It is hyperbole to call this due diligence in pursuing his cause.

The petitioner does not attack the statute, but simply argues that the constitutional right of *habeas corpus* should never be taken away nor should time limits be set by the Congress. The AEDPA Act, specifically 28 U.S.C. § 2244(d)(1)(A), clearly states that the federal petition must be filed within one year of the date the judgment became final.  Petitioner argues no equitable tolling and confesses that he has no statutory tolling rights.  This Court can either follow the precedent trail that has been set for it thousands of times or it can ignore the law.  This Court opts to follow the law and finds that the petitioner's claim is barred by the one year statute of limitations under the AEDPA and that the Motion to Dismiss [13] should be **sustained**.

### IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objection.  For the reasons set forth above, this Court concludes that Breeden's objection lacks merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the

facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge John Roper's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Virgil Breeden, Jr.'s  claim is **dismissed with prejudice**. .

    SO ORDERED this, the 21st  day of December, 2015.

                              *s/Keith Starrett*
                              UNITED STATES DISTRICT JUDGE